**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MISS TIFFANY MCCALL, | : | |
| (Administratrix of the Estate of Ms. | : | |
| Regina Kirkland) | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | CIVL ACTION NO. 20-CV-1281 |
| | : | |
| GLENDALE UPTOWN HOME/ | : | |
| GS OPERATOR LP, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**TUCKER, J.**                                                                                      **SEPTEMBER 17, 2020**

    Plaintiff Miss Tiffany McCall, brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, alleging a violation of her First Amendment rights arising from completed state court litigation. (ECF No. 2.) She seeks leave to proceed *in forma pauperis*. (ECF No. 1.) For the following reasons, the Court will grant McCall leave to proceed *in forma pauperis* and dismiss her Complaint.

**I.**      **FACTS**

    The gist of McCall's claim is that the Pennsylvania Superior Court would not permit her to proceed with a medical malpractice action McCall was pursuing as Administratrix of her mother's estate following her mother's death in a nursing home. (ECF No.2 at 6-7.)[1] The Pennsylvania Supreme Court is alleged to have denied McCall's most recent petition earlier this year. (*Id.* at 5.) As a result, McCall claims she was deprived of her First Amendment rights. (*Id.* at 4.) She asserts her claim against Glendale Uptown Home/GS Operator LP, Violetta Berdichevskaya, M.D., Hillcrest Nursing Home, Genesis Healthcare, Crestview Church Road

---

[1] The Court adopts the pagination assigned by the CM/ECF docketing system.

Operation, Kindred Healthcare – all of whom were apparently defendants in the state court case - the Pennsylvania Superior Court, and the Pennsylvania Supreme Court. (*Id.* at 1-2.)

According to the Complaint, in January 2010, McCall's mother was placed in Glendale Uptown, a nursing facility, at the direction of a court appointed guardian, and over the objections of both McCall and her mother. (*Id.* at 6.) Over the next five (5) years, McCall's mother's health declined, until she died in December 2015. (*Id.*) McCall alleges that her mother's death was the result of neglect and abuse at the hands of the named "Defendants and their staff."[2] (*Id.*)

Following her mother's death, McCall was appointed Administratrix of her mother's estate with the approval of her siblings and, in July 2017, Letters of Administration were issued. (*Id.*) McCall and her siblings subsequently retained a law firm to pursue a medical malpractice and "Nursing Home" claim. (*Id.*). After the case was filed, the attorney withdrew his appearance. McCall alleges that she was permitted to pursue the claim *pro se* in the Court of Common Pleas, but when she appealed that court's decision to the Pennsylvania Superior Court, that court "made a ruling of unconstitutional valor by denying the Plaintiff the rights to redress the courts with her grievances. Superior court ruled that the Plaintiff could not redress the court because she has other siblings, who are also interested parties of the Estate." (*Id.*)

McCall claims that the actions of the Pennsylvania appellate courts have deprived her of the ability to seek justice and compensation she would have received had the underlying claim proceeded. (*Id.* at 7.) As a result of the foregoing, McCall alleges that she has suffered mental anguish. (*Id.* at 8.) For relief, she requests:

> . . . that this Court intervene by granting an injunctive relief order. The Appellate courts have silenced the Plaintiff by stopping her from redressing the courts with

---

[2] The Court assumes that McCall's allegation refers to Defendants Glendale Uptown Home/GS Operator LP, Violetta Berdichevskaya, M.D., Hillcrest Nursing Home, Genesis Healthcare, Crestview Church Road Operation, Kindred Healthcare.

> her grievances. Ultimately, violating the Plaintiff's constitutional rights. The Plaintiff believes that egregious and heinous acts have been committed against her, and her co-plaintiff in her original lawsuit; who happens to be the Plaintiff's deceased Mother. These horrible acts have been committed by all or some of the individuals listed in the complaint. But if the Plaintiff is not being allowed to redress this matter, how can she ever get the justice she is seeking?

(*Id.*). McCall contends that the conduct described provides a basis for federal question jurisdiction because her First Amendment rights have been denied. (*Id.* at 3.)

## II.   STANDARD OF REVIEW

The Court will grant McCall leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As McCall is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Additionally, when allowing a plaintiff to proceed *in forma pauperis* the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction

may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

**III.   DISCUSSION**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Read liberally, McCall's Complaint alleges that the Pennsylvania appellate courts violated her First Amendment right to pursue a medical malpractice action arising from her mother's death in her role as Administratrix. (ECF No. 2 at 3.) She asks that this Court issue an injunction, presumably to require the state court litigation to continue. (*Id.* at 8.) However, because (1) McCall may not assert claims on behalf of her mother's estate pro se; (2) the Court lacks jurisdiction to provide the relief she requests in her individual capacity; and, (3) even if McCall asserted a plausible claim, the majority of the named Defendants are not state actors, the § 1983 claims against them must be dismissed.

**A.     Claims Brought as Administratrix**

In the caption of her Complaint, McCall identifies herself as bringing her claims as "Administratrix of the Estate of Ms. Regina Kirkland." (ECF No. 2 at 1.) In other parts of the Complaint, she appears to assert claims on behalf of herself, rather than in her capacity as her mother's Administratrix. (*See id.* at 2, 6.) To the extent that McCall asserts any claims in her capacity as Administratrix, they must be dismissed without prejudice.

Under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel" in the federal courts. Section 1654 thus ensures that a person may conduct his or her own case *pro se* or retain counsel to do so. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) )). Although an individual may represent himself *pro se*, a non-attorney may not represent other parties in federal court. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). This principle has been applied by the Supreme Court, the United States Court of Appeals for the Third Circuit, and other courts in various contexts. *See, e.g., Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) (recognizing that corporations must be represented by counsel and that "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships or associations to appear in federal court otherwise through a licensed attorney" (footnote omitted) ); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 667 (9th Cir. 2008) (holding that a non-lawyer could not litigate pro se on behalf of an ERISA plan); *Osei-Afriyie*, 937 F.2d at 882 ("We hold that Osei-Afriyie, a non-lawyer appearing *pro se*, was not entitled to play the role of attorney for his children in federal court."); *Phillips v. Tobin*, 548 F.2d 408, 411-12 (2d Cir. 1976) (holding that a non-attorney could not appear *pro se* to conduct a shareholder's derivative suit). This doctrine applies to non-attorney administrators of estates. *Murray on behalf of Purnell v. City of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018). Accordingly, any

claims brought by McCall as Administratrix of her mother's estate must be dismissed without prejudice, because she cannot represent the estate in federal court *pro se*.

   **B.**  **Claims Barred by the *Rooker-Feldman* Doctrine**

   To the extent McCall seeks to assert a claim on her own behalf under § 1983 as a result of the underlying litigation, this Court is barred from reviewing those proceedings and providing the relief requested.  Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments."  *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010).  Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Id.* at 166 (quotations omitted).  *See also Malhan v.Sec. U.S. Dep't. of State*, 938 F.3d 453, 458 (3d Cir. 2019) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (stating that the *Rooker-Feldman* doctrine is confined "to cases of the kind from which it acquired its name: [1] cases brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commence and [4] inviting district court review and rejection of those judgments."))

   McCall lost in state court, she attributes the injuries she describes in the Complaint to the state court proceedings and judgments that barred her from representing her mother's estate pro se, the final judgment of the Pennsylvania Supreme Court was rendered before McCall instituted this action, and McCall is asking this Court to review and reverse the state court judgment. McCall's claims falls squarely within the *Rooker-Feldman* bar and this Court is without jurisdiction to entertain them.  It is of no moment that she cloaks her claims in constitutional

terms. *See Mikhail v. Kahn*, 991 F. Supp.2d 596, 615, *aff'd*, 572 F. App'x 68 (3d Cir. 2014) (holding that if the four parts of the doctrine are met, the federal court lacks jurisdiction "even if those challenges allege that the state court's action was unconstitutional.") (quoting *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983)); see also *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 170 (3d Cir. 2010) ("When a federal plaintiff brings a claim, whether or not raised in state court, that asserts injury caused by the state-court judgment and seeks review and reversal of that judgment, the federal claim is 'inextricably intertwined' with the state judgment" and therefore barred from review.). Because "'[r]eview of [state court] decisions may be had only in the [Supreme] Court,'" *Mikhail*, 991 F. Supp.2d at 615 (quoting *Feldman*, 460 U.S. at 486), McCall's claim that her First Amendment right of access to the courts was violated when she was not permitted to represent her mother's estate *pro se* does not bring review of those state court decisions within this Court's jurisdiction. Accordingly, McCall's individual claim must be dismissed with prejudice.

        **C.**     **Claims Against the Pennsylvania Superior and Supreme Courts**

McCall asserts claims against the Pennsylvania Superior Court and the Pennsylvania Supreme Court, and requests injunctive relief. However, the Defendant courts, as part of Pennsylvania's unified judicial system, share in the Commonwealth's Eleventh Amendment immunity. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). As there is no indication Pennsylvania has waived its Eleventh Amendment immunity, McCall's claims against the Pennsylvania Superior Court and the Pennsylvania Supreme Court are barred by the Eleventh Amendment. Other than state waiver of its Eleventh Amendment protection, there are only two other narrow exceptions to the grant of Eleventh Amendment immunity: (1) abrogation by Act of Congress, and (2) suits against *individual state officials* for prospective relief to

remedy an ongoing violation of federal law. *MCI Telecommunications Corp. v. Bell Atlantic – Pennsylvania*, 271 F.3d 491, 503 (3d Cir. 2001), *cert. denied*, 537 U.S. 941 (2002) (emphasis added). Neither of these exceptions exist here. Accordingly, McCall's § 1983 claims against the Defendant courts must be dismissed with prejudice.

### D. Claims Against the Non-Judicial Defendants

The only allegation against the non-judicial Defendants – Glendale Uptown Home/GS Operator LP, Violetta Berdichevskaya, M.D., Hillcrest Nursing Home, Genesis Healthcare, Crestview Church Road Operation, and Kindred Healthcare – is that they were the defendants named in the underlying state court medical malpractice action. (ECF No. 2 at 8.). Although she invokes federal question jurisdiction for all of her claims, McCall has made no specific claims against these Defendants, who are not alleged to have been acting under color of state law for purposes of a §1983 claim. Whether a defendant is acting under color of state law - i.e., whether the defendant is a state actor - depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). The courts have held that a private litigant does not "act under color of state law" merely by filing a lawsuit or

defending a lawsuit brought against it in a state court.  *See, e.g., Howard Gault Co. v. Texas Rural Legal Aid, Inc.*, 848 F.2d 544, 555 (5th Cir. 1988); *Cobb v. Georgia Power Co.*, 757 F.2d 1248, 1251 (11th Cir. 1985).

The only allegation against Glendale Uptown Home/GS Operator LP, Violetta Berdichevskaya, M.D., Hillcrest Nursing Home, Genesis Healthcare, Crestview Church Road Operation, and Kindred Healthcare is that they were named as defendants in the underlying state court medical malpractice action.  Because there is no plausible allegation that these Defendants were acting under color of state law, to the extent McCall's Complaint may be read to assert a § 1983 claim against them, the claim must be dismissed.

To the extent McCall purports to reallege state law claims against these Defendants for medical malpractice that are not otherwise jurisdictionally barred by the *Rooker-Feldman* doctrine, this Court lacks federal question subject matter jurisdiction over those claims.  Because this Court has dismissed her federal law claims, the Court will not exercise supplemental jurisdiction over any state law claims McCall may be trying to assert.  Accordingly, the only independent basis for the Court's jurisdiction over the state law claims is diversity jurisdiction pursuant to 28 U.S.C. § 1332, which grants a district court jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and where the parties are diverse in citizenship, for example, where the parties are citizens of different states.  "Complete diversity," as required by § 1332, requires that "no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).  It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the

plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

McCall asserts that she resides in Pennsylvania. (ECF No. 2 at 1.) McCall has not alleged the citizenship of any Defendant. She merely asserts that, with the exception of Kindred Healthcare, each Defendant has a Pennsylvania address and, of course, the Pennsylvania courts are Pennsylvania entities. (*Id.* at 2.) Accordingly, McCall has failed to meet her burden to demonstrate that this Court may exercise diversity jurisdiction over any state law claim McCall may seek to assert. Any such claims will be dismissed without prejudice to her assertion of those claims in an appropriate state court forum.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant McCall leave to proceed *in forma pauperis* and dismiss her federal claims with prejudice to the extent they are brought in her individual capacity. She will not be granted leave to amend, as to do so would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). The claims she attempts to raise *pro se* in her capacity as the Administratrix of her mother's estate are dismissed without prejudice because she may not represent her mother's estate *pro se* in federal court. Her state law claims are dismissed for lack of subject matter jurisdiction. An appropriate Order follows.

                                                     **BY THE COURT:**

                                                     **/s/Petrese B. Tucker**
                                                     _____
                                                     **PETRESE B. TUCKER, J.**